[Civ. No. 759.  Fifth Dist.  July 20, 1967.]

COUNTY OF TUOLUMNE, Plaintiff and Respondent, v. MAX RAFFERTY, as Superintendent of Public Instruction, etc., et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, and Richard L. Mayers, Deputy Attorney General, for Defendants and Appellants.

George A. Huberty, County Counsel, and Ernest Geddes, District Attorney, for Plaintiff and Respondent.

STONE, J.—This appeal is from a judgment granting a writ of mandate ordering Max Rafferty, Superintendent of Public Instruction, to certify to Alan Cranston, State Controller, that $24,833.88 is due respondent, County of Tuolumne, under section 20211 of the Education Code, and commanding Cranston to draw his warrant on the general fund of the State of California in that amount payable to the County Treasurer of Tuolumne County.

As there was no junior college district within the County of Tuolumne prior to 1965, resident junior college students had to attend schools outside the county. Tuition for such students was provided in accordance with the statutory provisions of sections 20201-20209 of the Education Code. This county expense is not budgeted in advance for tax purposes, but retrospectively, according to the cost ''during the next preceding fiscal year.'' The board of supervisors (§ 20202), or the county auditor if the board does not act (§ 20203), is required, at the time of making the general tax levy for county purposes, to levy a special tax upon all taxable property in nonjunior college districts in the county sufficient to defray the costs of such education for the preceding year (§ 20202), the proceeds of the special tax to be paid into the county treasury and placed in the junior college tuition fund (§20204).

Until 1959, formation of a junior college district within a county where there had previously been none resulted in the levy of two junior college taxes for a single year. This, because the necessary revenue for the newly formed junior college district was derived from a tax levied in the traditional manner, that is, prospectively, according to the anticipated cost for the succeeding fiscal year, while the tax levy to cover the costs of junior college students attending school outside the county the preceding year was assessed retrospectively.

To afford the taxpayers in a newly formed junior college district some relief, the Legislature in 1959 provided, by Education Code section 20211, that: ''The special tax required by Section 20202 to be levied shall not be levied upon taxable property in any territory included in a newly formed junior college district, during the first fiscal year for which the district is effective for all purposes, . . .'' In lieu thereof, it provided that: ''The county auditor shall, on or before September 25th of such year, determine and report to the county superintendent of schools the amount which would be raised if the tax prescribed by Section 20202 were levied in such territory during such year. The county superintendent of

schools shall forthwith report the amount to the Superintendent of Public Instruction, who shall forthwith certify such amount to the State Controller. The State Controller shall, on or before November 25th of such year, draw his warrant upon the General fund, in the amount certified, payable to the county treasurer from the money appropriated by this section for such year. The county treasurer shall deposit the amount in the junior college tuition fund, and the amount shall be apportioned under this article . . . in the same manner as if it were the proceeds of the tax levied under Section 20202.''

The County of Tuolumne was made a part of a junior college district effective for all purposes on July 1, 1965, and thereafter a special tax was levied upon the property owners within the county to meet the county's share of the anticipated cost for the first fiscal year. In accordance with Education Code section 20211, the county auditor determined and reported to the county superintendent of schools for certification to the State Superintendent of Public Instruction that $224,233.75 was necessary to pay the expenses of out-of-county junior college students for the preceding year. In making this determination, the auditor omitted a surplus of $24,833.88 in the junior college tuition fund from taxes levied in prior years. The Superintendent of Public Instruction, however, deducted an amount equal to $24,833.88, the surplus in the tuition fund, and paid the County of Tuolumne $199,399,[1] asserting that the surplus in the junior college tuition fund should be applied to the preceding year's indebtedness.

Respondent, contending the surplus in the fund should be turned over to the county and become part of the general fund, filed this action asking that appellants be ordered to remit the amount withheld. The trial court issued a writ of mandate ordering the Superintendent of Public Instruction to pay to the County of Tuolumne the amount deducted, which equaled the surplus of $24,833.88.

Both parties discuss, at some length, the case of *Foothill Junior College Dist.* v. *Board of Supervisors,* 57 Cal.2d 771 [22 Cal.Rptr. 201, 371 P.2d 977], and both seem to find some solace in either the opinion or the dissent. The case held that a surplus in the Santa Clara County junior college tuition fund should be turned over to the newly formed junior college district. The facts are not apposite to those before us.

---

[1]The 87¢ was omitted for some unexplained reason.

At the time *Foothill* was decided, Education Code section 20211 was not effective, and the taxpayers in Foothill Junior College District were saddled with two separate tax levies for junior college education, one special tax to cover the expenses of junior college students for the preceding year under Education Code sections 20202 and 20203, and additionally a levy to cover the cost of operating the newly formed junior college district during the first fiscal year. The state had not then been authorized to step in and assume the expense of junior college students during the ''next preceding'' fiscal year, as is now provided under section 20211. In *Foothill* the court expressly limited its decision to the facts of that case and in doing so stressed equity and good conscience as the basis for the opinion rather than statutory law.

Our case turns upon an interpretation of section 20211. The critical language of the section is: ''The county auditor shall, on or before September 25th of such year, determine and report to the county superintendent of schools the amount which *would be* raised *if* the tax prescribed by Section 20202 *were levied* in such territory *during such year*.'' (Italics added.)

Certainly, had no district been formed, the Tuolumne County auditor would have taken the surplus into consideration in determining the amount necessary to pay the out-of-county junior college student expense for the ''next preceding fiscal year.'' The directive is clear that in determining the amount to be paid by the state the auditor is to use the same formula that he would use were the amount to be paid by the county from a special tax levy under sections 20201 through 20209.

We conclude that the Legislature, in enacting section 20211, had in mind surpluses that frequently occur in assessing taxes, even taxes assessed to liquidate a fixed amount; variables, such as delinquencies, make exactitude impossible.

This interpretation of section 20211 accords with the purpose for which the special tax from which the surplus accrued, was levied, to pay the cost of county residents attending junior colleges outside the county. Respondent has been hard put to explain how the surplus remaining from a special tax levied to defray the cost of educating students could be used legitimately for road purposes or other purposes of general county government.

Respondent's argument that it would be unfair to the taxpayers of Tuolumne County who paid the taxes, for the surplus to go to the new district which encompasses parts of three counties in addition to Tuolumne County, becomes untenable under our interpretation of section 20211. Here, the

surplus accrued from taxes levied to pay out-of-county junior college student expenses, and that is precisely what it is used for when taken into account by the auditor in determining the amount due for out-of-county junior college student education for the preceding year.

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied August 17, 1967, and respondent's petition for a hearing by the Supreme Court was denied September 13, 1967.